IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02278-CMA-KLM

KENNETH LESLIE CALDWELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion for Expedited Ruling on Issue of Law** [#53][1] and **Motion for Court to Recognize Proof of Service** [#68] (collectively, the "Motions"), filed in response to the Court's March 11, 2021 Minute Order [#51]. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motions [#53, #68] have been referred to the undersigned for a recommendation regarding disposition. *See* [#58, #69]. The Court has reviewed the Motions [#53, #68], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motions [#53, #68] be **DENIED** and that this action be **DISMISSED without prejudice**.

---

[1] "[#53]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

1

## I. Background

On February 20, 2020, Plaintiff, who proceeds as a pro se litigant,[2] filed his Second Amended Complaint [#21] against the United States of America, referencing events which occurred in 2016. *Second Am. Compl.* [#21] at 4. This complaint alleges violations of "[t]he XIV Amendment to the U.S. Constitution regarding deprivation of [the Plaintiff's] privileges or immunities, deprivations of [the Plaintiff's] rights to life, liberty or property, and equal protection of laws." *Id.* at 3.

On the same day that he filed his Second Amended Complaint [#21], Plaintiff also filed a Certificate of Service [#22]. The Certificate of Service [#22] consists of a handwritten certification that Plaintiff mailed a copy of the summons and Second Amended Complaint [#21] via certified mail to the Office of the United States Attorney General in Washington, D.C. and the United States Attorney's Office in Denver, Colorado. Certified mail receipts were not provided with this certification. However, Plaintiff provided tracking numbers for the packages which he placed in the mail. *Certificate of Service* [#22].

On April 14, 2020, Plaintiff submitted screenshots of tracking information from the United States Postal Service ("USPS") website. *Appendix CC* [#25-1] at 4-5. The tracking numbers on these screenshots match the tracking numbers provided in the Certificate of Service [#22]. *Compare Certificate of Service* [#22], *with Appendix CC* [#25-1] at 4-5.

---

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The screenshots show that Plaintiff's packages were delivered to their destinations in Washington, D.C. and Denver, Colorado, but they do not display the addresses of the recipients or describe what the packages contained. *Appendix CC* [#25-1] at 4-5.

Fed. R. Civ. P. 12(a)(2) provides that the United States has 60 days after service to file an answer or otherwise respond to a complaint. If the United States fails to answer during this 60-day period, a plaintiff would typically file a motion seeking entry of default against the United States, pursuant to Fed. R. Civ. P. 55(a). Thus, on November 23, 2020, the Court issued a Minute Order [#43] noting that more than 60 days had passed since Plaintiff had purportedly mailed the summons and complaint, but that the United States had not entered an appearance in the matter. *Minute Order* [#43]. The Court further noted, however, that the Clerk of Court was unlikely to enter default against the United States because Plaintiff had not filed adequate proof of service.[3] *Id.* The Court therefore directed Plaintiff to file either a new proof of service on the United States or file a motion seeking entry of default based on an old proof of service. *Id.* Plaintiff's deadline to do so was December 20, 2020. *Id.*

On December 17, 2020, Plaintiff filed a Motion for Entry of Default [#44]. The following day the Clerk of Court entered a Note Regarding Default [#45], stating: "Default will not be entered as to the United States of America re [#44] Motion for Entry of Default as: the affidavit or declaration required by Fed. R. Civ. P. 55(a) does not include a statement that no responsive pleading has been filed within the time limit set by the

---

[3] Pursuant to the Operations Procedures Guide for the United States District Court for the District of Colorado, Office of the Clerk of Court, "proof of service" requires an "executed return of service."

Federal Rules of Civil Procedure or the court, no proof of service has been filed. . . ." *Note Regarding Default* [#45]. On January 25, 2021, Plaintiff filed an Affidavit [#47] which appeared to be a response to the Clerk's Note Regarding Default [#45]. In the Affidavit [#47], Plaintiff states "[o]n 2/20/2020 I completed service," but does not provide the Court with any more information than that already available on the electronic docket.

On February 1, 2021, Plaintiff filed an Application for Restoration of Gun Rights and Evidence of Sent Certified Mail [#48]. This document contained, among other things, photos of certified mail receipts stamped on September 19, 2020. *Evidence of Sent Certified Mail* [#48] at 4. The certified mail receipt appears to be addressed to "Office of the Attorney General, Letitia James" but contains no physical address indicating where the shipment was made. *Id.* These certified mail receipts were also shown in videos which Plaintiff submitted to the Court on June 9, 2021, via USB thumb drive. *Conventionally Submitted Material* [#67]. The Court emphasizes that these certified mail receipts were stamped with a date of September 19, 2020, and not February 20, 2020, which was the date when Plaintiff filed the Second Amended Complaint [#21] and purportedly served Defendant by mail.

On March 11, 2021, the Court issued a second Minute Order [#51], ordering Plaintiff to file a motion seeking entry of default against Defendant United States of America. *Minute Order* [#51] at 1. The Court ordered that this motion must contain or attach all information required by Fed. R. Civ. P. 55(a), including (1) an affidavit or declaration with the date service was completed and a statement that no responsive pleading has been filed within the time limit set by the Federal Rules of Civil Procedure or the Court, and (2) proof of service. *Id.* at 2. The Court gave Plaintiff until April 2, 2021,

to comply with the order and warned Plaintiff that failure to adequately comply with the Minute Order [#51] could result in a Recommendation that Plaintiff's case be dismissed for failure to prosecute by failing to properly serve Defendant. *Id.*

Since the Court issued Minute Order [#51] on March 11, 2021, Plaintiff has filed several documents attempting to comply with the Court's requirements. *See Motion for Entry of Default* [#56]; *Motion for Expedited Ruling* [#53] at 9; *Appendix re [#53] Motion for Expedited Ruling* [#57] at 111, 118-119, 148, 150-151, 159; *Motion for Court to Recognize Proof of Service* [#68] at 4-7. On April 1, 2021, Plaintiff filed a Motion for Entry of Default [#56] stating: "On 2/20/2020 I completed service upon defendant by placing a copy of the Summons and copy of the Amended Complaint into the mail system for delivery by certified mail to the U.S. Attorney's Office in Denver, CO, and Office of the U.S. Attorney General in Washington D.C., as required by Fed. R. Civ. P. 4(i)(1)." *Motion for Entry of Default* [#56] at 1; *see also id.* (reiterating that Plaintiff had provided tracking numbers to the Court in his original Certificate of Service [#22]). The Clerk of Court rejected this affidavit because it "does not include the date service was complete, no proof of service has been filed." *Clerk's Note Regarding Default* [#60].

Additionally, Plaintiff filed an Appendix re [#53] Motion for Ruling [#57] on April 1, 2021. In this lengthy filing, Plaintiff attached many documents which were already filed on the electronic docket, including the tracking screenshots of both shipments from the USPS website which were submitted in connection with a Motion for Entry of Default [#25] and the handwritten statement from Plaintiff's Certificate of Service [#22]. *Appendix re [#53] Motion for Ruling* [#57] at 118-119, 150. As stated above, these tracking screenshots do not display the addresses to which Plaintiff sent these packages and this

5

Appendix [#57] does not provide any new certified information as to what was within these packages when they were sent. *See Appendix re. [#53] Motion for Ruling* [#57].

In Plaintiff's Motion for Court to Recognize Proof of Service [#68], Plaintiff attempts to provide the Court with additional proof of service. He provides cost sheets from the USPS website and a bank account statement showing payment to the USPS amounting to the shown cost of certified mail. *Motion for Court to Recognize Proof of Service* [#68] at 4-7. While these documents show a payment to USPS dated February 20, 2020, that is all that they show. *Id.* They do not show what documents were shipped, where they was shipped, or whether the shipments actually entered the mail.

In the present Motion for Expedited Ruling [#53], Plaintiff writes about complaints he has regarding the judicial process, the adjudication of his case, and the several claims that he has made throughout the course of this litigation. Further, in both Motions [#53, #68], Plaintiff moves for the Court to enter default against Defendant and, in the latter Motion [#68], for the Court to recognize his proof of service as "legitimate and complete." *Id.* at 9; *Motion for Court to Recognize Proof of Service* [#68]. Besides these requests, Plaintiff asks for no other form of relief.

## II. Analysis

Pursuant to Fed. R. Civ. P. 4(i)(1), to properly serve the United States a party must (1) deliver or send by registered or certified mail a copy of the summons and complaint to the United States Attorney in the district where the case is pending; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Thus, because this action was filed in the District of Colorado, Plaintiff must provide proof of service to both the United States Attorney's

6

Office in Denver, Colorado, and to the Office of the Attorney General of the United States in Washington, D.C. in order for service to be adequate under Rule 4(i)(1).  Additionally, Fed. R. Civ. P. 4(c) requires that service must be made by a person who is at least 18 years old and not a party to the lawsuit.  In cases where service by mail is proper, such as when a plaintiff must serve the United States under Rule 4(i), Rule 4(c) still applies and a party to the lawsuit cannot be the person who mails the summons and complaint to the defendant.  *Constien v. United States*, 628 F.3d 1207, 1215 (10th Cir. 2010) ("[E]ven when service by mail is proper, it cannot be a party who mails it.").  Finally, pursuant to Fed. R. Civ. P. 4(l)(1), "[u]nless service is waived, proof of service must be made to the court."

In his Certificate of Service [#22], Plaintiff states, "I hereby certify that I served the United States by placing a copy of the summons and a copy of the complaint I submitted today into the mail system for delivery by certified mail."  The Certificate of Service [#22] certifies that the packages were addressed to the Office of the U.S. Attorney of Colorado and the Office of the U.S. Attorney General.  It provides the tracking numbers of these two alleged shipments.  *Certificate of Service* [#22].  However, the Certificate of Service [#22] lacks any certified mail receipt which proves that the complaint and summons were the actual documents placed in the mail or were delivered to the addresses written on the certification. The Certificate of Service [#22] also confirms to the Court that Plaintiff placed the complaint and summons in the mail himself, which violates Fed. R. Civ. P. 4(c).  *Constien*, 628 F.3d at 1215.  Because pro se litigants must follow all the procedural rules that govern all other litigants, Plaintiff's act of mailing service of process himself is enough on its own to demonstrate that service on Defendant has been insufficient.

Even still, in the Court's Minute Order [#43] on November 23, 2020, the Court allowed Plaintiff to continue with his lawsuit if he could file adequate proof of service. The Court ordered that "Plaintiff would have to file the two *returns of service* of certified mail to prove that the United States received the summons and complaint." *Minute Order* [#43] (emphasis added). For proof of service to be adequate, courts have determined that tracking information alone is insufficient to prove that the complaint and summons were delivered properly to the defendant. *See Chilson v. Modly*, No. CV. 19-00016-TFM-B, 2020 WL 1068861, at *4 (S.D. Ala. Feb. 12, 2020), *report and recommendation adopted as modified*, No. 1:19-CV-16-TFM-B, 2020 WL 1066991 (S.D. Ala. Mar. 5, 2020) (holding that screenshots of tracking information were insufficient to prove service on Defendant). The Tenth Circuit has also held that a certified mail receipt must be accompanied by an acknowledgment showing actual delivery of the complaint and summons. *Chester v. Green*, 120 F.3d 1091, 1091 (10th Cir. 1997) (holding plaintiff failed to show proof of service because there was "no authenticating post office stamp on any receipt showing they actually passed through the mails, nor [was] there a receipt or acknowledgment showing actual delivery of the complaint to the purported defendants"); *see also Butler v. People of Ninth Dist. Of Colo.*, No. 08-cv-00088-REB-CBS, 2009 WL 185628, at *2-3 (D. Colo. 2009) (holding that certified mail receipts provided to the court did not comply with the Federal Rules of Civil Procedure).

Here, the Court finds that Plaintiff has failed to provide adequate proof of service. While Plaintiff has filed several documents which show that service was attempted, none of them show that the required documents were delivered to the proper addresses. The Certificate of Service [#22] provides tracking information but this information does not

8

allow the Court to match the address on the certification with the addresses where the packages were delivered. The tracking receipts in Appendix CC [#25-1] show that those packages were delivered, but likewise they do not show any proof of the recipient's address. *Appendix CC* [#25-1] at 4-5. Plaintiff has filed several other documents which contain certified mail receipts, but these certified mail receipts were stamped with dates long after Plaintiff averred that he had sent the Second Amended Complaint [#21] and Summons to Defendant and appear to refer to documents other than the operative complaint and summons. *See Appendix re [#53] Motion for Ruling* [#57] at 159-160. The only other document Plaintiff has provided regarding certified mail allegedly sent on or around February 20, 2020, is the bank statement showing payment to USPS in the amount of $8.78. *Motion for Court to Recognize Proof of Service* [#68]. But, similar to Plaintiff's other attempts to prove service, a bank statement showing payment to USPS is insufficient to prove what was sent, where it was sent, or even whether anything was mailed at all.

Overall, Plaintiff has failed to provide proof that he served Defendants as required by Rule 4(i) on or around the date in which he first submitted the Second Amended Complaint [#21], or at any time thereafter. Further, Plaintiff did not comply with Fed. R. Civ. P. 4(c), as this rule prohibits a party of a lawsuit to himself mail service to a defendant. *Constien*, 628 F.3d at 1215. Thus, Plaintiff has not shown that entry of default pursuant to Fed. R. Civ. P. 55(a) is appropriate. Accordingly, the Court **recommends** that the Motions [#53, #68] be **denied**.

Plaintiff's failure to adequately comply with the Minute Orders [#43, #51] indicates an inability to prosecute this case. The Court warned Plaintiff in Minute Order [#51] that

failure to adequately provide the Court with proof of service "may result in a Recommendation that Plaintiff's case be dismissed for failure to prosecute by failing to properly serve Defendant." *Minute Order* [#51] at 2. Given Plaintiff's failure to provide adequate proof of service, the Court must decide whether Plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[4] 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-*

---

[4] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same. *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

*12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

When appropriate, the Court typically recommends dismissal without prejudice at this early stage of the case where the defendant has not yet been served and the merits of the plaintiff's claim(s) have not yet been considered. The Court typically need not examine the factors outlined in *Ehrenhaus* where dismissal is without prejudice. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice). However, given the age of this lawsuit, Plaintiff's claim against Defendant may be barred by the statute of limitations should Plaintiff choose to bring the suit again. *See Second Am. Compl.* [#21] at 4 (mentioning only one date on May 15, 2016). Therefore, given that dismissal of the claim may therefore act, at least in part, as dismissal with prejudice, the Court will nevertheless examine the *Ehrenhaus* factors out of an abundance of caution.[5]

**A.    Prejudice to Defendant**

Since it is not evident that Defendant was ever served with notice of this lawsuit, there is no prejudice to Defendant. Defendant has not entered an appearance, incurred any expenses, or utilized any resources to adjudicate this suit. Therefore, the Court finds that this factor does not favor dismissal.

**B.    Interference with the Judicial Process**

---

[5] To be clear, the Court makes no finding at this time about whether the statute of limitations would, in fact, bar Plaintiff from filing a new lawsuit based on the same incident(s) underlying the present lawsuit.

The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Throughout the course of this litigation, Plaintiff has filed countless motions which seemingly have nothing to do with the original complaint concerning asserted violation(s) of Plaintiff's Fourteenth Amendment rights. *See, e.g.*, *Application for Restoration of Gun Rights* [#48]; *Motion Requesting Pension as Commander* [#64]. Plaintiff's attempts to adjudicate this lawsuit in a piecemeal fashion burdens the legal process considerably. The Court has asked that, when Plaintiff files a motion, he must provide all the necessary information with that motion or else direct the Court's, or the Clerk of Court's, attention to where that information may already be found on the electronic docket by referencing the specific docket entry number where that information may be found. *See, e.g.*, *Minute Order* [#51]. Plaintiff has continually failed to do this, and thus his adjudication of this lawsuit shows a lack of respect for the judicial process. The Court therefore finds that this factor favors dismissal.

**C.    Culpability of Plaintiff**

There is no doubt that Plaintiff has attempted to ensure that he provided adequate proof of service. Plaintiff has, on multiple occasions, submitted documentation which does show some effort to prove that he has served Defendant in a manner that is compliant with the Federal Rules of Civil Procedure. *See Appendix re [#53] Motion for Entry of Default* [#57]. Plaintiff's efforts, however, have been insufficient to adequately prove service in the manner that the Court requires. Still, there can be no other party who is culpable in this case since Plaintiff is the only person who can provide the Court with evidence that Defendant was served. Indeed, this case is nearly two years old and

service has not yet been achieved or, at least, adequate proof of service has not yet been offered to the Court. The Court therefore finds that this factor favors dismissal.

**D.     Advance Notice of Sanction of Dismissal**

Plaintiff has been warned that failure to provide adequate proof of service would result in a recommendation to dismiss Plaintiff's action. *See Minute Order* [#51]. Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green*, 969 F.2d at 917. Thus, it should be no surprise to Plaintiff that his failure to provide adequate proof of service on Defendant could result in dismissal of his lawsuit. Given the advance notice of the potential sanction of dismissal provided to Plaintiff, the Court finds that this factor does not bar dismissal of Plaintiff's lawsuit.

**E.     Efficacy of a Lesser Sanction**

Finally, given the amount of time that has elapsed since Plaintiff filed his Second Amended Complaint [#21] on February 20, 2020, given that Plaintiff is now well beyond the 90-day period to serve Defendant with notice of the lawsuit as provided by Fed. R. Civ. P. 4(m), and given that no lesser sanction, such as a monetary penalty, seems appropriate or likely to be effective, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, pro se litigants must still follow the same procedural rules as all other litigants. *Nielson*, 17 F.3d at 1277. The Court therefore finds that this factor favors dismissal.

Considering the five *Ehrenhaus* factors, the Court finds that dismissal of Plaintiff's lawsuit is appropriate under the circumstances of this case.

### III.  Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#53, #68] be **DENIED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 24, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge